UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Craig Shaw,

    Plaintiff,

v.                                        Case No. 16-11693

The City of Riverview, *et al.*,        Sean F. Cox
                                                United States District Court Judge

    Defendants.
_____/

## AMENDED OPINION GRANTING
## DEFENDANT MMRO'S MOTION TO DISMISS

Plaintiff filed this action, asserting multiple claims against multiple Defendants. The matter is currently before the Court on a Motion to Dismiss Plaintiff's First Amended Complaint, filed by Defendant Managed Medical Review Organization, Inc. ("MMRO"). The Court finds that oral argument is not necessary. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without a hearing. For the reasons set forth below, the Court shall GRANT MMRO's Motion to Dismiss. If Plaintiff wishes to seek leave to file a Second Amended Complaint, in order to rectify the deficiencies as to his claims asserted against MMRO, Plaintiff must file an appropriate motion no later than September 30, 2016. If Plaintiff elects not to do so, the Court shall dismiss the claims asserted against MMRO with prejudice.

## BACKGROUND

On May 11, 2016, Plaintiff Craig Shaw filed this action, asserting claims against the following five Defendants: 1) the City of Riverview; 2) the City of Riverview Retirement Board

of Trustees; 3) Gary Chevillet; 4) Douglas Drysdale; 5) and MMRO. Shaw's original Complaint included four counts: 1) Violation of Plaintiff's Civil Rights; 2) Conspiracy to Violate Plaintiff's Constitutional, Statutory, and Common Law Rights; 3) Declaration of Rights; and 4) Writ of Mandamus.

On June 30, 2016, Chevillet, Drysdale and the City filed a Motion to Dismiss. (D.E. No. 18). On July 7, 2016, MMRO, Inc. filed a Motion to Dismiss. (D.E. No. 19).

In response, on July 12, 2016, Shaw filed a First Amended Complaint as of right. (D.E. No. 20). That amended pleading asserts claims against the same five Defendants. It asserts the following eight counts:

1) "Declaratory Relief (Unlawful Impairment of Contract)" (Count I);

2) "Declaratory Relief (Unlawful Taking)" (Count II);

3) "Declaratory Relief (Deprivation of Property Without Due Process)" (Count III);

4) "Violation of 42 U.S.C. § 1983 (As to Individual Defendants)" (Count IV);

5) "Violation of 42 U.S.C. § 1983 (As to MMRO)" (Count V);

6) "Conspiracy To Violate Plaintiff's Federal Civil Rights (All Defendants)" (Count VI[1]);

7) "Declaration of Rights (All Defendants)" (Count VII);

8) "Writ of Mandamus" (Count VIII)

(D.E. No. 20).

Plaintiff alleges that he was employed as a utility worker for the City of Riverview (the

---

[1] Incorrectly numbered as the second "Count V" in the First Amended Complaint. As a result, the remaining counts in the First Amended Complaint were also incorrectly numbered.

"City'). He identifies the Riverview Retirement Board of Trustees (the "Board of Trustees") as a political subdivision of the City, which is charged with the administration of the City of Riverview Retirement System. (First Am. Compl. at ¶ 17). Plaintiff identifies Chevillet as the Chairman of the Board of Trustees and Drysdale as it Treasurer. (First Am. Compl. at ¶¶ 19 & 20).

Plaintiff alleges that MMRO "is in the business of providing disability claims management services and medical review services." (First Am. Compl. at ¶ 22). He alleges, upon information and belief, that "Riverview contracted with MMRO in May of 2015 to perform medical examinations of city employees and retirees, and MMRO acted as an agent of Riverview in the execution of these duties." (First Am. Compl. at ¶ 24).

The First Amended Complaint contains the following as the relief that Plaintiff requests in this action:

> VI.   RELIEF REQUESTED
>
> WHEREFORE, Plaintiff requests that this Court order the following relief:
> A.   Assume jurisdiction of this case;
> B.   Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 declaring that the ordinances, as applied to plaintiff, violated plaintiff's rights protected by the United States and Michigan constitutions;
> C.   Issue a permanent injunction barring defendants from revoking plaintiff's duty disability retirement;
> D.   Award plaintiff money damages to make him whole for any loss and to restore him to the position the would have been in but for the constitutional violations;
> E.   Enter a money judgment against Riverview, Chevillet, and Drysdale, punitive damages in the amount of $376,092.36, plus interest, costs, attorney fees, and any other relief the Court deems just.
> F.   Award attorney fees and costs incurred in this action pursuant to 42 USC 1988 and/or any other provision of law; and

       G.      Issue such other relief as the Court deems just and equitable.

(First Am. Compl. at 19).

## ANALYSIS

After Plaintiff filed his First Amended Complaint, MMRO filed a Motion to Dismiss that First Amended Complaint on July 26, 2016. In that motion, MMRO asks the Court to dismiss all claims against it *with prejudice*. The motion sets forth the reasons why the claims asserted against MMRO fail to a state a claim.

In response to that properly supported motion, Plaintiff filed a brief that states, in its entirety:

> In response to Defendant MMRO's Motion to Dismiss Plaintiff's First-Amended Complaint, plaintiff relies on, and incorporates herein, its Brief in Opposition to Defendants City of Riverview, City of Riverview Retirement Board of Trustees, Chevillet, and Drysdale's Motion to Dismiss First-Amended Complaint.
> Plaintiff also confirms that Count VI (Writ of Mandamus) was not intended to be pled as to Defendant MMRO and that this claim may otherwise be dismissed as to MMRO.
> Plaintiff maintains that the allegations that MMRO conspired with the City of Riverview to deny plaintiff his constitutionally protected rights are sufficiently pled against MMRO and serve to state a prima facie claim against it. To the extent that plaintiff's allegations are deemed insufficient, plaintiff requests that this Court grant it leave to amend pursuant to Fed. R. Civ. P. 15.
> WHEREFORE, Plaintiff, Craig Shaw, respectfully requests that this Honorable Court deny Defendant MMRO's motion to dismiss and grant plaintiff all further relief that is just and proper under the circumstances.

(D.E. No. 35). Thus, rather than file a brief responding to the detailed arguments made by MMRO, Plaintiff relies on the brief he filed in response to the motion filed by the remaining Defendants – who made different arguments than those made by MMRO.

Again, Plaintiff's First Amended Complaint asserts the following eight counts: 1)

"Declaratory Relief (Unlawful Impairment of Contract)" (Count I); 2) "Declaratory Relief (Unlawful Taking)" (Count II); 3) "Declaratory Relief (Deprivation of Property Without Due Process)" (Count III); 4) "Violation of 42 U.S.C. § 1983 (As to Individual Defendants)" (Count IV); 5) "Violation of 42 U.S.C. § 1983 (As to MMRO)" (Count V); 6) "Conspiracy To Violate Plaintiff's Federal Civil Rights (All Defendants)" (Count VI[2]); 7) "Declaration of Rights (All Defendants)" (Count VII); 8) "Writ of Mandamus" (Count VIII).

Plaintiff's response indicates that the Writ of Mandamus Count should not be asserted against MMRO. In addition although the Declaration of Rights Count is said to be asserted against all Defendants, that is not actually a claim that seeks any relief from MMRO. That leaves the 1983 claim asserted against MMRO (Count V) and the conspiracy claim (Count VI).

**A.    Section 1983 Claim**

In its Motion to Dismiss, MMRO first asserts that Shaw's First Amended Complaint fails to state a § 1983 claim against it. (D.E. No. 30 at Pg ID 340). It challenges the § 1983 claim against it on several grounds.

First, MMRO notes that "before a defendant may be held liable under section 1983, that defendant must first *possess* power by virtue of state law, then *misuse* that power in a way that violates federal constitutional rights." *Cherrington v. Skeeter*, 344 F.3d 631, 644 (6th Cir. 2003) (emphasis in original). MMRO contends that Shaw's First Amended Complaint fails to provide necessary factual specificity in that it "does not even allege that MMRO either possessed or misused any specific powers under state law." (D.E. No. 30 at Pg ID 341). MMRO's brief

---

[2]Incorrectly numbered as the second "Count V" in the First Amended Complaint. As a result, the remaining counts in the First Amended Complaint were also incorrectly numbered too.

explains:

> . . . Shaw alleged that Riverview "delegated portions of its public function to MMRO, including the administration of aspects of the retirement System and evaluation of a member's continued rights to benefits." (Dkt. #20 ¶ 81). Shaw does not, however, allege that *MMRO* ever exercised, or misused, that power. Shaw also alleges the MMRO failed to provide Shaw with "notice and a meaningful hearing and overall due process." (*Id.* ¶ 86). But Shaw does not explain *how* MMRO allegedly interfered with Shaw's procedural due process rights. In short, Shaw does not explain what actions MMRO allegedly took that violated Shaw's civil rights. His vague and conclusory allegations are insufficient to survive a motion to dismiss under Rule 12(b)(6).
>
> Notably, Shaw does not even allege that the report provided by MMRO was incorrect or inaccurate in any way; he merely alleges that the report "concluded that plaintiff was not 'totally incapacitated from the performance'" or his job duties, and that Riverview retirement board reviewed it before voting to revoke Shaw's retirement payments. (*Id.* ¶¶ 45, 50). If anything, these allegations exonerate MMRO. They *preclude* the possibility that MMRO can be held liable for a violation of section 1983.

(*Id*. at Pg ID 341-42) (emphasis in original).

Plaintiff has failed to respond to this challenge. Thus, Plaintiff has not explained how the Court could conclude that he has sufficiently alleged a § 1983 claim against MMRO.

Second, MMRO notes that it is a "private company – not a state actor of the type typically within the purview of section 1983." (D.E. No. 30 at Pg ID 342). MMRO notes that there are at least four tests under which a private company can be considered to have acted under color of state law. MMRO contends that the only one that could conceivably apply here is the public function test. But MMRO contends that Plaintiff's First Amended Complaint does not contain sufficient allegations as to the public function test:

> MMRO can only be considered a state actor if Shaw alleges facts showing that MMRO exercised "powers which are traditionally exclusively reserved to the state." *Wilcher v. City of Akron*, 498 F.3d 516, 519 (6th Cir. 2007). Importantly, however, the Sixth Circuit has held that "simply alleging in a complaint that [the defendant] is state actor or that [the action] is traditionally exclusively in the province of the State is no longer, if it ever was, sufficient to survive a motion to

6

> dismiss." *Marie*, 771 F.3d at 362-63 (*see* Ex. A). That is precisely what Shaw has done here; he has merely alleged these black-letter requirements without providing any detail as to how MMRO's actions fall within the rule. There is a reason for this shortcoming: MMRO is not a state actor, and MMRO did not exercise any state powers at all.

(D.E. No. 30 at Pg ID 343) (emphasis in original). MMRO attached, and highlighted, the relevant portions of those Sixth Circuit cases.

The Court shall dismiss the § 1983 claim against MMRO based upon *Marie* because simply alleging in the First Amended Complaint that the "public function performed by MMRO is one that has traditionally and exclusively" been performed by the municipality is not sufficient to survive a motion to dismiss. *Marie*, 771 F.3d at 362.

**B.     Conspiracy Claim**

Plaintiff's conspiracy count, which indicates it is asserted against all Defendants, consists of two sentences:

> 87.     Plaintiff incorporates by reference all paragraphs set forth above as though fully set forth herein.
> 88.     Plaintiff further states that Defendants Chevillet and Drysdale with other Riverview agents, officers, or employees and MMRO conspired to deprive plaintiff of his property without due process of law as more fully described herein.

(First Am. Compl. at 16).

MMRO asserts that the conspiracy claim against it must be dismissed because Plaintiff's First Amended Complaint does not allege even the elements of a conspiracy claim, and also lacks any factual allegations as to the claimed conspiracy.

Again, Plaintiff has not responded to the arguments set forth in MMRO's Motion to Dismiss and its supporting brief. But Plaintiff's cursory response says that he relies on his response to the Motion to Dismiss filed by the remaining Defendants. In that brief, Plaintiff's

response is as follows:

> Despite defendants' assertion the federal rules do not impose a heightened pleading standard for alleging conspiracy. Fed. R. Civ. P. 9; *Bell Atl Corp v Twombly*, 550 US 544, 554, 127 S Ct 1955, 1964; 167 L Ed 2d 929 (2007). Plaintiff's allegations related to the conspiracy are sufficient to sustain the claim under the applicable pleading standard, which merely requires a "short and plain statement of the claim showing that the pleading is entitled to relief," in order "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Bell Atl Corp, supra.*

(D.E. No. 34 at Pg ID 411-12).

As MMRO notes in its Reply Brief, Plaintiff has misstated the applicable law. (D.E. No. 37 at Pg ID 433).

To prove a § 1983 conspiracy, a plaintiff must show: 1) an agreement between two or more persons to injure another by unlawful action; 2) participants shared in the general conspiratorial objective; 3) an overt act was committed in furtherance of the conspiracy; and 4) the complainant was injured as a result of the act. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003).

And even before *Twombly*, it was "well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff has failed to plead a § 1983 conspiracy claim against MMRO because his First Amended Complaint lacks factual allegations to the alleged conspiracy.

## C.  Plaintiff's Improper, Boilerplate Request For Leave To Amend

At this stage of the litigation, if Plaintiff wishes to file another amended complaint he must file a motion seeking leave to file an amended complaint. Moreover, Eastern District of

8

Michigan Local Rule 15.1 further requires that a party seeking leave to amend a pleading provide the Court with a copy of its proposed amended pleading.

Plaintiff did not, however, file a motion to amend or submit a proposed second amended complaint—even *after* Defendant MMRO filed its Reply Brief noting Plaintiff's failure to do so and requesting dismissal with prejudice.

In his five-sentence response brief, Plaintiff simply makes a blanket request that if his "allegations are deemed insufficient, plaintiff requests that this Court grant it [sic] leave to amend pursuant to Fed. R. Civ. P. 15." (D.E. No. 35 at Pg ID 416).

The Sixth Circuit's "disfavor of a such a bare request in lieu of a properly filed motion for leave to amend was made clear in *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)." *Alliance for Children, Inc. v. City of Detroit Public Schools*, 475 F.Supp.2d 655, 669 (E.D. Mich. 2007). What Plaintiff "may have stated, almost as an aside," to this Court in his brief in opposition to MMRO's Motion to Dismiss is not the proper procedure for requesting leave to amend. *Begala,* 214 F.3d at 784; *see also Louisiana Sch. Emp. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010).

If Plaintiff wishes to file a second amended complaint in order to rectify the deficiencies as to his claims asserted against MMRO, he must file a proper motion seeking leave to do so no later than **September 30, 2016**, and must attach his proposed amended complaint as an exhibit to the motion. If Plaintiff elects not to do so, this Court shall dismiss the claims asserted against

MMRO with prejudice.

                                                        S/Sean F. Cox
                                                        Sean F. Cox
                                                        United States District Judge

Dated: September 23, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 23, 2016, by electronic and/or ordinary mail.

                                                        S/Jennifer McCoy
                                                        Case Manager